**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VINCENT W. GLAZEWSKI, | Civil No. 09-0445 (RMB) |
| Plaintiff, | |
| v. | **OPINION** |
| JON S. CORZINE, et al., | |
| Defendants. | |

**APPEARANCES:**

    VINCENT W. GLAZEWSKI, #216428B
    Northern State Prison
    P.O. Box 2300
    Newark, NJ 07114
    Plaintiff Pro Se

**BUMB**, District Judge

Vincent W. Glazewski, an inmate who is currently confined at Northern State Prison, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This Court will grant Plaintiff's application to proceed in forma pauperis, assess the $350.00 filing fee against Plaintiff, and collect the fee in installment payments pursuant to 28 U.S.C. § 1915.[1] In accordance with the requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court

---

[1] Because Plaintiff's first application to proceed in forma pauperis was deficient, the application was denied without prejudice and the case was administratively terminated. Plaintiff thereafter submitted a complete application. This Court will therefore reopen the file and grant the application.

has screened the Complaint to identify cognizable claims and will dismiss the Complaint without prejudice to the filing of an amended complaint.

## I.  BACKGROUND

Plaintiff brings this action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against 30 named defendants and 200 John Does.  The named defendants include the Governor of the State of New Jersey, the Commissioner of the New Jersey Department of Corrections, the Director of Operations for the Department, the Administrator of South Woods State Prison ("SWSP"), the Assistant Administrator, numerous corrections officers at SWSP, a Deputy Attorney General for the State of Jersey, a dietician, and the Assistant Ombudsman.  Plaintiff "charge[s] the Defendants with conspiracy of all actions or nonactions taken against the Plaintiff, under the color of State Law, and of rights secured [by] the Constitution of the United States."  (Compl. ¶ 2) (Docket entry #1 at 3.)  The Complaint is 32 single-spaced typed pages.[2]  In the statement of facts, Plaintiff asserts that he arrived at SWSP on December 17, 2007.[3]  Plaintiff then describes his experiences at SWSP in detail, focusing on the action or inaction of prison officials which

---

[2] Included with the Complaint is a 21-page single-spaced affidavit.

[3] Plaintiff was transferred to Northern State Prison on or about May 30, 2009.  (Docket entry #4.)

Plaintiff deems inappropriate and itemizing his complaints to various government officials within and outside the prison system.  Plaintiff alleges that he suffers with leukemia and medical officials have prescribed a special diet.[4]  Plaintiff complains that he "has been denied the salad that was prescribed for him on many occasions while housed at South Woods State prison" (Compl. ¶ 40); he "has been denied a nutritional diet since Food service went to the 'Heart Healthy Diet' [and] he has received a 'Low Calorie Diet,' a 'Diabetic Diet,' a 'Religious Vegetarian Diet,' in place of a 'Low Fat Diet'" (id. ¶ 56); kitchen workers have misplaced his diet on several occasions; his recreation period sometimes starts late; he has at times been housed with an inmate who smokes; the cells are illuminated 24 hours a day; the kitchen areas are not properly cleaned; his cell has been "punitively searched" on certain occasions (id. ¶ 51); he "incurred a loss of all his canteen items" when he was placed in temporary lock-up (id. ¶¶ 58-59); he was not permitted to use the toilet when he requested to do so on one occasion; a defendant searched his cell and, during the search, the officer "toss[ed] all of the Plaintiff's personal property around like garbage" (id. ¶ 62); one defendant forwarded his medical records to a Deputy Assistant Attorney General without proper

---

[4] Plaintiff does not reveal the nature of the diet other than to describe it as low-fat.

3

authorization; on May 15, 2008, an inmate assaulted him because the prison refuses to properly classify inmates; defendant Probst denied Plaintiff his medical diet on March 14, 2008, and on May 16, 2008, Probst threw Plaintiff's belongings on the floor during a cell search; Plaintiff "has been without his medication for Leukemia . . . at least half a dozen times thus far" (id. ¶ 86); his cholesterol has risen; one defendant wrote a fictitious disciplinary report on September 21, 2007; one defendant denied Plaintiff a library pass; some defendants searched his cell and confiscated his journals; he was made to stand outside in the cold for 1.5 hours; the cells are cold and certain officers smoke; one defendant placed him in disciplinary lock-up on September 21, 2007, and his property was lost, stolen or damaged by somebody, even though the hearing officer found him not guilty; one defendant confiscated some of Plaintiff's property as contraband but did not complete the paperwork; etc.  He further alleges that he submitted numerous grievances and letters to defendants and that he has exhausted administrative remedies.

Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive damages of $10,000,000.00 against each defendant.

## II.   STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The District Court denied a motion to dismiss the complaint for failure to state sufficient allegations to show certain defendants' personal involvement in unconstitutional conduct with respect to Iqbal's treatment while confined in a section of the Metropolitan Detention Center known as the Administrative Maximum Special Housing Unit, and the Second Circuit affirmed. Id. at 1944. The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment which, if true, violated his constitutional rights. Id.

In an opinion by Justice Kennedy, the Court first noted two principles: (1) "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution;" and (2) "[t]he factors necessary to establish a Bivens [and § 1983] violation will vary with the constitutional provision at issue." Iqbal, 129 S. Ct. at 1948.  Next, the Court rejected Iqbal's argument that, under a theory of "supervisory liability," a defendant's mere knowledge of a subordinate's discriminatory purpose amounts to purposeful discrimination under Bivens.

The Court then examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[5]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

---

[5] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d)(1).

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Applying this approach to Iqbal's complaint, the Court first held that the following allegations are not entitled to the assumption of truth because they "amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim," Iqbal, 129 S. Ct. at 1951 (citations and internal quotation marks omitted): (1) the allegations in the complaint that defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," and (2) the allegations that one defendant was "the principal architect of this invidious policy" and the

other was "instrumental in adopting and executing it."  Id. (citations and internal quotation marks omitted).

Next, the Supreme Court held that the complaint fails to "plausibly suggest an entitlement to relief" because it does not contain facts showing that defendants violated Iqbal's constitutional rights by purposefully adopting a policy of classifying detainees such as Iqbal because of their race, religion, or national origin.  See Iqbal, 129 S. Ct. at 1951.

> Though [Iqbal] alleges that various other defendants, who are not before us, may have labeled him a person of high interest for impermissible reasons, his only factual allegation against [these defendants] accuses them of adopting a policy of approving restrictive conditions of confinement for . . . detainees until they were cleared by the FBI.  Accepting the truth of that allegation, the complaint does not show, or even intimate, that [these defendants] purposefully housed detainees in [the most secure conditions available] due to their race, religion, or national origin . . . .
>
>       \*               \*              \*
>
> Taken as true, these allegations are consistent with [defendants'] purposefully designating detainees of high interest because of their race, religion, or national origin.  But given more likely explanations, they do not plausibly establish this purpose . . . .  He would need to allege more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible.

Id. at 1951-52.

The Supreme Court accordingly held that the complaint fails to allege sufficient facts to a claim for relief and remanded to the Court of Appeals to decide whether to remand to the District Court so plaintiff can seek leave to amend the complaint. Id. at 1954.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.   DISCUSSION

The Complaint in this case is 32 pages long, single-spaced, and contains 203 paragraphs. Plaintiff brings claims against 230 defendants who had some role in his confinement at SWSP since December 2007, or to whom he complained about his confinement, including the Governor, the Warden, corrections officers, dieticians, ombudsmen, and an Assistant Attorney General. The

rambling, repetitive, and confusing Complaint charges some defendants with failing to provide a medically prescribed diet on certain occasions, others with searching his cell, others with failing to provide law library passes, others with failing to take him to the medical department, others with allowing him to be celled with a smoker on certain occasions, and others with failing to respond to grievances and letters. The Complaint is laden with conclusions and, while Plaintiff describes life in prison in minute detail, he fails to establish even one plausible claim for relief.[6] The Complaint fails to satisfy the

---

[6] Plaintiff's allegations that he was not given his leukemia medication on certain occasions and that he did not consistently receive his medically prescribed diet give this Court the most pause. However, to state an Eighth Amendment claim, Plaintiff must assert facts satisfying an objective element and a subjective element. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Where delay is involved, the seriousness of an inmate's medical need is determined by the effects of the delay. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir.1997). Here, Plaintiff's allegations do not indicate how missing medication on some occasions affected his health. Nor does Plaintiff describe the nature of the medically prescribed diet or explain how the food he received was deficient.

Similarly, Plaintiff's allegations do not satisfy the subjective element. To establish deliberate indifference, a plaintiff must show that the defendant was in fact aware of the risk of harm to the plaintiff's health, and disregarded it. See Farmer, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Moreover, the Iqbal Court rejected the argument
(continued...)

requirement of Rule 8(a)(2) that it set forth "a short and plain statement of the claim" and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court).

This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2) and (d)(1).  The dismissal is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the

---

⁶(...continued)
that, under a theory of "supervisory liability," a defendant's mere knowledge of a subordinate's wrongdoing amounts to a constitutional violation.  "In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  Iqbal, 129 S. Ct. at 1949.

claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), under Iqbal, and contains allegations that are "simple, concise and direct," Fed. R. Civ. P. 8(d)(1).[7]

Plaintiff is cautioned, however, that if he elects to file an amended complaint, then the amended complaint must also comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims.  See Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants

---

[7] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).

12

are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d §1655; compare United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)) with Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

In this case, Plaintiff may not name more than one defendant in his amended complaint unless one claim against each additional

defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless he or she satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action [but o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In the event that Plaintiff improperly joins defendants in an amended complaint contrary to Rule 20(a)(2),

this Court will drop the defendants who are not properly joined pursuant to Rule 21, without prejudice to Plaintiff's bringing one or more new actions against the improperly joined defendant(s).

### III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint because it does not comply with Rule 8.  The dismissal is without prejudice to the filing of an amended complaint which complies with Rules 8 and 20(a)(2), within 30 days of the date of the entry of the Order accompanying this Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: September 30, 2009